**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| KARINA TAMEZ, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO.:_____ |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY and | § | |
| ANA RODRIGUEZ, | § | |
| Defendants. | § | |

**DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S
<u>NOTICE OF REMOVAL</u>**

Defendant United Property & Casualty Insurance Company ("UPC" or "Defendant") files this Notice of Removal:

**I.      Background**

1.      On September 7, 2016, Plaintiff Karina Tamez ("Plaintiff") filed this lawsuit in Hidalgo County, Texas, naming UPC and Ana Rodriguez as Defendants.

2.      Plaintiff served UPC with a copy of the Petition on September 14, 2016.

3.      Upon information and belief, Defendant Ana Rodriguez ("Rodriguez") has not been served.

4.       UPC files this notice of removal within 30 days of receiving Plaintiff's initial pleading. *See* 28 U.S.C. § 1446(b).  In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

5.      As required by Local Rule 81 and 28 U.S.C. § 1446(a), simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is an Index of Matters Being Filed. A copy of the Case Summary Sheet is attached as Exhibit "B."  A copy of Plaintiff's Original Petition is attached as Exhibit "C."   A copy of the Civil Case Information Sheet is

attached as Exhibit "D."  A copy of the jury demand is attached as Exhibit "E."  A copy of Defendant United Property & Casualty Insurance Company's Original Answer to Plaintiff's Original Petition is attached as Exhibit "F." Finally, the list of Counsel and Parties to the Case is attached as Exhibit "G."  A copy of this Notice is also being filed with the state court and served upon the Plaintiff.

6.      Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Hidalgo County, Texas, the place where the removed action has been pending.

## II.      Basis for Removal

7.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446. This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A.      <u>The Proper Parties Are Of Diverse Citizenship.</u>

8.      Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas.

9.      UPC was at the time this action was commenced, and still is, a foreign (Florida) property and casualty insurance company authorized to do business in the State of Texas.  UPC is organized under Chapter 982 of the Texas Insurance Code.

10.      Upon information and belief, Rodriguez is and was at the time the lawsuit was filed, a resident and citizen of the State of Texas.  With respect to the claims against Rodriguez, it is UPC's position that Rodriguez has been fraudulently joined in this action.  Therefore, the Texas citizenship of Rodriguez should be disregarded for the purposes of evaluating diversity in this matter.

11.     When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists.  *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990).  The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party.  *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

12.     Here, Plaintiff asserts generic claims against Rodriguez for violations of the Texas Insurance Code.  *See* Pl's Orig. Pet., Exhibit C, ¶¶ 29-37).  Based on Plaintiff's pleading, there is no basis for predicting that Plaintiff might be able to establish liability against Rodriguez because no real facts relating to her have been set forth.  Plaintiff's claims against Rodriguez consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007); *see also Ashcroft v Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009).  As such, Plaintiff cannot "establish a cause of action against [Rodriguez] in state court."  *See International Energy Ventures Management, L.L.C.*, 2016 WL 1274030, at *6-7; *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also Bianca Tabarestani v. United Prop. & Cas. Ins. Co., et al,* Civil Action No. H-16-712, (S.D. Tex. June 29, 2016) (Werlein, J.); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.).  Because there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against Rodriguez, her presence should be disregarded in determining diversity jurisdiction.

13. Because Plaintiff is a citizen of Texas and Defendant UPC is a citizen of Florida, complete diversity of citizenship exists among the proper parties.

**B.**     <u>**The Amount in Controversy Exceeds $75,000.00.**</u>

14. This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendant is liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendant wrongfully adjusted and denied Plaintiff's claim. Specifically, but without limitation, the same day she filed this Original Petition, Plaintiff submitted a demand seeking $99,571.74 in damages. Further, Plaintiff alleges that Defendant UPC breached the insurance policy number UTH 0102729 00 42, with a Dwelling Limit of $174,000.00, an Other Structures Limit of $17,400.00, a Personal Property Limit of $104,400.00, and a Loss of Use Limit of $52,200.00, for the property located at 1523 Cortez Dr., Edinburg, Texas 78542 (the property giving rise to the present dispute). See Exhibit "H," Beck Declaration, attached hereto and fully incorporated herein by reference.

15. In addition to the amounts sought in this litigation by Plaintiff through her demand and policy, Plaintiff's Original Petition alleges that Defendant is liable under various statutory and common law causes of action for consequential damages, statutory penalties, treble damages, exemplary damages, court costs, and attorney's fees. As such, Plaintiff's alleged damages greatly exceed $75,000.00.

### III.    Conclusion and Prayer

16.    Accordingly, all requirements are met for removal under 28 U.S.C. §§ 1332 and 1441.  United Property & Casualty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ Rhonda J. Thompson
**RHONDA J. THOMPSON, ATTORNEY-IN-CHARGE**
rthompson@thompsoncoe.com
State Bar No. 24029862
Southern District No.: 17055
**SHANNON BECK**
sbeck@thompsoncoe.com
State Bar No. 24092102
Southern District No.: 2715159

**THOMPSON, COE, COUSINS & IRONS, LLP.**
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
(214) 871-8200 - Telephone
(214) 871-8209 – Fax

**COUNSEL FOR DEFENDANT**
**UNITED PROPERTY & CASUALTY**
**INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 10th day of October, 2016, the foregoing pleading was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Jason M. Byrd
The Byrd Law Firm, P.C.
448 Orleans Street
Beaumont, TX  77701
Facsimile:  (409) 924-0035
Jason@txbyrd.com

And

Chris Tamez
Tamez & Ortegon, PLLC
1009 East Expressway 83
Pharr, TX  78577
Facsimile:  (956) 683-0485
tamezandortegon@gmail.com

*Counsel for Plaintiff*

/s/ Rhonda J. Thompson
Rhonda J. Thompson