Electronically Filed
9/7/2016 10:38:54 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-4203-16-B

| | | |
|---|---|---|
| KARINA TAMEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY and | § | |
| ANA RODRIGUEZ | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KARINA TAMEZ Plaintiff herein, who files this her Original Petition against the Defendant, UNITED PROPERTY & CASUALTY INSURANCE COMPANY and ANA RODRIGUEZ and for cause of action would respectfully show the court as follows:

### A. Discovery Control Plan

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### B. Parties

2.      Plaintiff KARINA TAMEZ is an Individual who resides in Hidalgo County, Texas.

3.      Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY is an insurance company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by certified mail, return receipt requested, by serving its Attorney for Service, C T Corporation System, 1999 Bryan St Ste 900, Dallas, TX 75201-3136.

EXHIBIT
tabbies®
C

1

DATE 10/04/2016
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____Deputy#35

C-4203-16-B

Electronically Filed
9/7/2016 10:38:54 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

4.      Defendant, ANA RODRIGUEZ is a licensed Texas insurance adjuster who may be served with citation via certified mail, return receipt requested at 315 Hopewell St, Grand Prairie, TX 75052.

### C. Jurisdiction

5.      The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

6.      The Court has jurisdiction over Defendants UNITED PROPERTY & CASUALTY INSURANCE COMPANY and ANA RODRIGUEZ because Defendants are citizens of the State of Texas and/or engage in the business of insurance in the State of Texas and the cause of action arises out of Defendants' business activities in the State of Texas.

### D. Venue

7.      Venue is proper in Hidalgo County, Texas because the insured property is situated in Hidalgo County, Texas. TEX. CIV. PRAC. & REM. CODE. § 15.032.

### E. Facts

8.      Plaintiff was the owner of **Texas Homeowner's Policy number UTH0102729** issued by UNITED PROPERTY & CASUALTY INSURANCE COMPANY Defendant, (hereinafter referred to as "the policy.") Plaintiff owns the insured property (hereinafter referred to as "the property."), which is specifically located at 1523 Cortez Drive, Edinburg, TX 78542.

9.      Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY sold the policy, insuring the property that is the subject of this lawsuit, to Plaintiff. The Plaintiff suffered a significant loss with respect to the property as a result of wind and/or hail.

10.     Plaintiff submitted a claim to Defendant with date of loss September 15, 2014 for wind and/or hail damage to the dwelling and contents of the home.

2

Electronically Filed
9/7/2016 10:38:54 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

11.    Defendants assigned claim number **2015TX000467** to Plaintiff's claim.

12.    Defendants failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage. Specifically, Defendant ANA RODRIGUEZ represented to Plaintiff that the damages were not covered and to the extent they were covered by the policy, they did not exceed the deductible. This misrepresentation of damages in contradiction to the policy benefits forced the Plaintiff to cover all of the cost of repairs out of pocket despite the existence of indemnity under the policy or file suit to recover cost of repairs owed.  Furthermore, Plaintiff was coerced into withdrawing her claim as she was misinformed about the extent of her damages and was led to believe that they did not exceed her deductible and as such, she withdrew her claim.

13.    Defendants improperly paid Plaintiff's claim for replacement of the property by not providing full coverage for all areas of damage to the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

14.    Defendants failed to perform their contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendants failed and refused to pay the full proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Defendants.  Such conduct constitutes breach of the insurance contract between Defendants and Plaintiff.

15.    Defendants misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes violations of the Texas Insurance Code.

C-4203-16-B

Electronically Filed
9/7/2016 10:38:54 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

16.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the policy. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE. Section 541.060(2).

17.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies, nor did it provide any explanation for the failure to adequately settle Plaintiff claim. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE. Section 541.060(3).

18.     Defendants failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE. Section 541.060(4).

19.     Defendants refused to fully compensate Plaintiff, under the terms of the policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE. Section 541.060(7).

4

Electronically Filed
9/7/2016 10:38:54 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

20.     Defendants failed to meet their obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff claims. Defendants' conduct constitutes violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE. Section 542.055.

21.     Defendants failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendants' conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE. Section 542.056.

22.     Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendants' conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE. Section 542.055.

23.     From and after the time Plaintiff's claims were presented to Defendants, the liability of Defendants to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendants' conduct constitutes breaches of the common law duty of good faith and fair dealing.

24.     As a result of Defendants' acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

25.     Plaintiff's experience is not an isolated case. The acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they

5

C-4203-16-B

Electronically Filed
9/7/2016 10:38:54 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## F.  Causes of Action

### Causes of Action Against Defendants

26.    Defendant, UNITED PROPERTY & CASUALTY INSURANCE COMPANY is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the *Texas Unfair Competition and Unfair Practices Act, the Texas Prompt Payment of Claims Act,* and intentional breach of good faith and fair dealing.  Defendant, ANA RODRIGUEZ, is liable to Plaintiff for intentional violations of the *Texas Unfair Competition and Unfair Practices Act, and the Texas Prompt Payment of Claims Act.*

### G. Breach of Contract

27.    Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY's conduct, as described above, constitutes a breach of the insurance contract made between Defendant and Plaintiff.

28.    Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees.

C-4203-16-B

Electronically Filed
9/7/2016 10:38:54 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

## Violations of the Texas Insurance Code

### Noncompliance with Texas Insurance Code Chapter 541: "Unfair Competition and Unfair Practices Act"

29.     Defendants, UNITED PROPERTY & CASUALTY INSURANCE COMPANY and ANA RODRIGUEZ conduct constitutes multiple violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

30.     Defendants' unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

31.     Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendants' liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

32.     Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. Sections 541.051, 541.060 and 541.061.

33.     Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of

7

Electronically Filed
9/7/2016 10:38:54 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

34.     Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

**Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"**

35.     Defendants, UNITED PROPERTY & CASUALTY INSURANCE COMPANY and ANA RODRIGUEZ conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

36.     Defendants' failure, as described above, to acknowledge receipt of Plaintiff's claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

37.     Defendants' delay of payment of Plaintiff's claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

C-4203-16-B

Electronically Filed
9/7/2016 10:38:54 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

## Breach of the Duty of Good Faith and Fair Dealing

38.    Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts.

39.    Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## H. Knowledge and Intent

40.    Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiffs' damages described herein.

## I. Texas Deceptive Trade Practices Act

41.    Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

42.    At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant, UNITED PROPERTY & CASUALTY INSURANCE COMPANY. Defendant, UNITED PROPERTY & CASUALTY INSURANCE COMPANY has violated the Texas Deceptive Trade Practices Act in the following manners:

   a.    Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

   b.    Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not

Electronically Filed
9/7/2016 10:38:54 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

c.   Advertising goods or services with intent not to sell them as advertised;

d.   Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

e.   Representing that an agreement confers or involves rights, remedies, or obligations, which it does not have or involve, or which are prohibited by law;

f.   Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction; and

g.   Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

h.   Engaging in an unconscionable course of conduct.

### J. Damages and Prayer

44.   WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, KARINA TAMEZ complains of UNITED PROPERTY & CASUALTY INSURANCE COMPANY and ANA RODRIGUEZ and prays that Defendants be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendants the following:

45.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

46.   For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the claims, together with attorney's fees.

47.   For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential

C-4203-16-B

Electronically Filed
9/7/2016 10:38:54 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times his actual damages. TEX. INS. CODE ANN. Section 541.060.

48.     For noncompliance with *Texas Prompt Payment of Claims Act,* Plaintiff is entitled to the amount of his claims, as well as eighteen (18) percent interest per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which he may show himself to be justly entitled.

49.     For breach of the duty of good faith and fair dealing, exemplary damages as to be determined by the jury.

Respectfully submitted,

THE BYRD LAW FIRM, P.C.

Jason M. Byrd
State Bar No. 24036303
Jason@txbyrd.com
448 Orleans Street
Beaumont, Texas 77701
(409) 924-0660/(409) 924-0035
ATTORNEY FOR PLAINTIFF

-AND-

CHRIS TAMEZ
State Bar No. 24033256
TAMEZ & ORTEGON, PLLC
1009 East Expressway 83
Pharr, Texas 78577
(956) 630-0885 Phone
(956) 683-0485 Fax
Email: tamezandortegon@gmail.com
ATTORNEY FOR PLAINTIFF

C-4203-16-B

Electronically Filed
9/7/2016 10:38:54 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

Jason M. Byrd